

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2005

# Johnson v. Thru Point Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3386

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Johnson v. Thru Point Inc" (2005). *2005 Decisions.* Paper 86.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/86

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3386

LEONARD JOHNSON,
                                        Appellant

v.

THRU POINT INC, A CORPORATION;
TOTAL NETWORK SOLUTIONS,
INC., A CORPORATION

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 02-cv-00010
District Judge:  The Honorable William J. Martini

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2005

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and POLLAK,[*] <u>District Judge</u>

(Opinion Filed December 20, 2005)

OPINION

BARRY, <u>Circuit Judge</u>

---

[*]The Honorable Louis H. Pollak, District Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

Leonard Johnson was dismissed by his employer, ThruPoint, Inc., on September 28, 2001. Johnson sued, alleging that he was disabled and that his dismissal violated the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 to -49, the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290-301, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654. The District Court, finding that Johnson had neither notified ThruPoint of his disability nor requested leave, granted ThruPoint's motion for summary judgment. On our review of the record, we reach the same conclusions reached by the District Court. Accordingly, we will affirm.

Because we write only for the parties, we mention only those facts pertinent to our decision. Johnson worked as a computer network engineer for ThruPoint, which designed and deployed networks for a variety of clients, assigning engineers to these projects as needed. In late August of 2001, Johnson was assigned to work on a project on the 70th floor of the north tower of the World Trade Center. Fortunately, he escaped direct injury because he arrived at work slightly late on September 11. He was nearby when the second airplane hit the south tower, however, and he saw people leaping from the burning towers to their death. He was diagnosed in October with post-traumatic stress disorder ("PTSD") stemming from the events of that terrible day.

On September 11, Johnson told his immediate supervisor, Joe Questore, that he had hurt his ankle but was otherwise "fine."[1] On September 18, Questore's manager, Troy

---

[1]Johnson was diagnosed with, in his words, a "severely bruised Achilles heel." Johnson neither pleaded nor offered evidence that he was disabled as a result of an ankle

2

James, offered to assign Johnson to another project in East Orange. Johnson testified that "I told Troy that something's wrong with me." James testified that Johnson never replied to the email offering him the assignment. On September 19, Questore assigned Johnson to a project in Jersey City. Johnson stated that he was "ready to start working on these projects as soon as you give me the go ahead." Johnson started work on the project on September 21, and worked between twelve and seventeen hours a day. On September 25, Johnson called Questore at 5:30 A.M., told him that something was wrong, and requested help with the project. Another engineer took charge and together they solved the technical problem by about 5:00 P.M. On September 26, Johnson called a confidential crisis hotline offered by ThruPoint to its employees and spoke with a counselor for about an hour. ThruPoint, facing economic difficulties in the post-September 11 recession, fired sixty-four employees between September and December. It fired Johnson on September 28.

On January 2, 2002, Johnson sued ThruPoint under two theories. First, he alleged that ThruPoint discriminated against him because of a disability, in violation of the NJLAD and the NYHRL. Second, he alleged that the dismissal violated his right to health-related leave under the FMLA. Discovery closed on October 13, 2002. In the fall of 2003, after ThruPoint had moved for summary judgment, Johnson moved to amend his complaint to add a disparate treatment claim and to reopen discovery to determine whether the crisis hotline had shared information about his condition with ThruPoint. The

injury.

3

District Court denied both motions at a hearing on February 4, 2004. It granted

ThruPoint's motion for summary judgment on July 14, 2004. This appeal followed.

The District Court had jurisdiction under 28 U.S.C. § 1332; we have jurisdiction

under 28 U.S.C. § 1291. Summary judgment is appropriate where the record indicates that

"there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). All reasonable inferences from the

record must be drawn in favor of the nonmoving party. See UPMC Health Sys. v. Metro.

Life Ins. Co., 391 F.3d 497, 501 (3d Cir. 2004). The moving party may discharge its

burden of showing the absence of a genuine issue of material fact by showing "the

absence of evidence to support the nonmoving party's case when the nonmoving party

bears the ultimate burden of proof." Id. (citations omitted). On appeal, we review the

District Court's grant of summary judgment de novo, applying the same standard it did.

Id. We review for abuse of discretion the District Court's denial of Johnson's motions to

reopen discovery and to amend his complaint. See Woloszyn v. County of Lawrence, 396

F.3d 314, 324 n.6 (3d Cir. 2005); Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir.

2005).

Courts considering claims under the NJLAD and the NYHRL look to the case law

interpreting the Americans with Disabilities Act ("ADA") for guidance. See Olson v.

Gen. Elec. Astrospace, 101 F.3d 947, 956 (3d Cir. 1996); Lawrence v. Town of

Irondequoit, 246 F. Supp. 2d 150, 160 (W.D.N.Y. 2002). Under the ADA, an employee

complaining of discrimination because of a disability must be able to show that the

4

employer was on notice of the disability. See Jones v. UPS, 214 F.3d 402, 408 (3d Cir. 2000). There is no evidence to indicate that ThruPoint could have known of Johnson's PTSD. Even viewed most favorably to Johnson, his statement to Troy James on September 18 that "something was wrong" was too vague to support any suspicion of a disability. Similarly, Johnson's own deposition testimony establishes that his problem on the morning of September 25 was a technical networking design issue, not psychological trauma, and that Questore properly understood it as such. Johnson claims that his supervisors should have seen the physical manifestations of his psychological stress, but admits that he was almost completely successful in hiding all external symptoms of his PTSD when he was at work. Indeed, he affirmed to his supervisors on multiple occasions that all was well with him. Johnson's allegation that ThruPoint learned of his disability from the crisis hotline is conclusory and without evidentiary support.

Summary judgment was also warranted on Johnson's FMLA claim. To trigger application of the FMLA, an employee must provide his employer with notice that leave is necessary. 29 C.F.R. §§ 825.303, 825.303. As discussed above, Johnson did not tell ThruPoint of his PTSD or even provide ThruPoint with an opportunity to discover it. He did not take or request a leave of absence, vacation, or sick leave. Instead, he signaled to ThruPoint his eagerness to work. Nothing in the record suggests that ThruPoint was or should have been on notice of Johnson's need for health-related leave.

Finally, we find no abuse of discretion in the District Court's refusal to allow Johnson to amend his complaint or obtain additional discovery. Untimely amendments

5

and discovery are disfavored where the movant offers no justification for the delay. Here, Johnson presented no reason why he could not have pleaded a disparate treatment claim at the outset or obtained the materials he belatedly sought during the regular course of discovery.

We will affirm the July 14, 2004 order of the District Court.